We're going to go on to case number four, and that is Appeal 17-2609, Robinett v. City of Indianapolis. Good morning. If it pleases the court, my name is Stephen Gray. I am the attorney for the appellant in this case, Scott Robinett, and today we're here for the court to consider a statute from the Indiana legislature and interpret that statute, which requires the payment of legal fees and costs when a public employee has been sued alleging that he has, under color of law, violated somebody's civil rights. How do you respond to this argument that a default would not necessarily resolve the issue of scope of employment? Does your argument about default conflate scope of employment with under color of law? Well, I understood the city's argument and I understand the court's question. First of all, that particular argument really does not address the interpretation of the statute. It's a consequence of adopting the city's interpretation, and I said that if Mr. Robinett had done nothing, he would have been defaulted under the plaintiff's theory, which was Carmack, and they alleged that he was acting in the scope of his employment and acting under color of law. The city responded by saying that collateral estoppel only applies if the elements were necessarily determined at the default level. Well, the problem with that is the city is suggesting that if Mr. Robinett had taken a default judgment, or allowed a default judgment to be taken against him, that the litigation would continue with the rest of the defendants and then sometime after the case, they wanted to come back in and re-litigate at the preceding supplemental stage whether or not he was acting in the scope of employment. Well, there's already been a default judgment to answering that question. I'm not sure that the court would entertain that litigation since the city had the opportunity to defend on that initially, so I don't think it conflicts to answer the court's question, but in this case, Mr. Robinett was named as a defendant only for one reason, and that is that he was a public employee employed by the city of Indianapolis or by Indianapolis Metropolitan Police Department. He was required to defend against a claim that he acted in the scope of his employment and under color of law violated somebody's civil rights. The construction of the statute that Mr. Robinett is advocating does not require this court to insert any additional modifiers or words or imply or insert any kind of modifying phrases. The statute can be read just as it's written. It's consistent with the language used by the legislature. The plain ordinary meaning of the statutory language is consistent with what Robinett is advocating. Robinett is advocating that the statute requires payment under two separate instances. One, those instances in which the political entity is required to pay the judgment, and the circumstances under which the political entity is required to indemnify the public employee for his legal costs. The same cannot be said to be true of the city's construction. In order to accept the city's construction of the statute, they're asking this court to insert words or phrases into the statute which are not there. Let me give the court an example. On page nine of their brief, the city argues the use of the phrase, quote, shall also pay in the cost of the defense section. So indicates that the city must first be required to pay the judgment. So let me clarify that. They're saying the legislature used the words also pay. They're saying ergo, they must have also already had to pay something else. You can't also pay something unless you previously paid something. That's their argument. In other words, they're saying that unless the political entity has in fact paid a judgment, the phrase also pay indicates that they don't have to indemnify for legal costs. What does that mean? It means that every time or the only time that the city has to indemnify for legal costs is if the claim is meritorious. The statute does not say that. They're wanting the court to modify the statute to read the costs of defense shall be paid in defense of a meritorious claim. They're wanting this court to insert the word meritorious in front of claim. The statute does not say that. We've read this statute to require payment of defense costs only if there's an obligation to pay indemnification of a judgment. If I understood the court. This is the Capitan case. Well, the Capitan case, the city of Gary was the defendant in that case. It was from 1993. And the statute in Capitan was voluntary. That was a statute which preexisted the statute which is issued here. Our state legislature amended the statute that was construed in Capitan to make it mandatory. And this court held in Capitan that the indemnification was voluntary. And it was under the old statute. But when our Indiana legislature amended the statute to make it mandatory, I believe that the correct interpretation is that they're making the payment of legal costs mandatory as well. The languages shall also pay the cost of defense. One other thing, if the court looks at the page two of the city's brief, this is the phrase that they're asking this court to insert in the statute. Under their statement of issue, they say, when it has to indemnify a judgment, comma, a city, quote, shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit. Nowhere does the statute say when it has to indemnify a judgment. Statute doesn't say that. That's what the city says. They're asking this court to insert that into the interpretation of the statute. That's not required. The rule of construction is that the legislature intended to use the words they did. Thank you, Your Honor. In this case, they did not insert either meritorious claim or when it has to indemnify a judgment. And I believe that Robinette's interpretation, you don't have to engage in those gymnastics. Thank you, Your Honor. Thank you very much. Okay. Mr. Morgan. Thank you, Judge Rogner, and may it please the court. I think that the simplest way to think about this statute is to think about what the General Assembly was attempting to accomplish here. In those instances where the taxpayers would be on the hook for a judgment, the taxpayers are the primary beneficiary of any defense, and they should have to foot the bill for that defense. Maybe you should start with the statutory language. And I think the starting point to analyze the language is the indemnification obligation, the obligation to indemnify a judgment. And it says that taxpayers are responsible for paying, and the language is any judgment other than for punitive damages, of the claim or suit. And that begs the question, what claim or suit are we talking about? And the statute provides that above. It's those claims or suits where the public employee is or could be subject to personal civil liability. I'd like to direct your attention to the is or could be subject to personal civil liability part of the statute. So in a state of Moreland, what this court held is that is or could be essentially contemplates two classes of public employees. If I've committed some sort of wrongful act, I'm not liable yet, but I'm subject to personal civil liability, because if that lawsuit comes, I'll be subject to liability. That was the way the court parsed it in Moreland. The could be subject to civil liability contemplates the innocent public employee. You know, the city seems to imply that if an officer defaulted, the city would not be automatically liable for the judgment, because the scope of employment would not necessarily have been decided. Can you give me an example of a scenario where a police officer will be found liable for a wrongful act under color of state law, but would not be acting within the scope of his employment? So the test in Indiana for scope of employment is probably quite a bit broader than under color of law. And I don't, you know, I'm trying to think of a specific example of perhaps a police officer, and I think the example is actually the inverse of what you're talking about, where the officer would be under color of law, but not, or I'm sorry, would be within the course and scope of employment, but may not be under color of law. And this court has not held specifically with respect to the Indiana statute, but with the parallel Illinois statute, that those two tests aren't the same. Under color of law in Indiana's test for course and scope of employment aren't the same test. Well, what would the city's position be if an officer defended a civil rights claim both by denying that he acted within the scope of his employment, and also that he did not commit the challenge act? If both issues went to a jury, are you arguing that the city would have no responsibility for defending the officer, depending on which ground the jury relied on when finding in his favor? Because that really seems odd, because, you know, scope of employment is just one of many ways of defending a claim, and the statute seems to cover fees for defending claims. I think, if I understand your question correctly, that situation wouldn't come up, because scope of employment will never be an element of a federal civil rights claim. Under color of law would be, but Indiana's test for the course and scope of employment would only be a claim in the case if there was either a vicarious liability claim brought against the city, or if the employee cross-claimed against the city under section 34.13.4.1, asking for a defense. And in either of those circumstances, that issue would never be left for a default. The city would actually be made a party.  So if it was just a standalone civil rights claim, which is what this statute applies to, there's a separate statute for tort claims. Tell me this. Did the city waive any claim that Robin had filed his request too late, or that he should have brought a counterclaim? Where in the record did the city preserve these arguments in the district court? The city's opposition to his motion certainly made the timeliness argument. We didn't argue that he should have filed a cross-claim at that time simply because we didn't understand him to be suggesting that there was a claim under section 34.13.4.1 in the case. It was in his jurisdictional statement on appeal where he seems to indicate that Mr. Robinette believes there was some claim under 34.13.4.1 over which the district court had supplemental jurisdiction. And we don't contest that the district court would have had supplemental jurisdiction over that claim had it been pled. We just simply point in our appellee's brief to the pleadings to show that there is, in fact, no such claim in the case. I don't know. You know, the city claims to be concerned about having to defend officers who commit acts outside the scope of employment. And there's that hypothetical on pages 13 to 14 of the response brief about the officer who punches his neighbor over a dispute regarding a tree. If the neighbor claims that the officer was acting within the scope of employment, could the city not go into court immediately and ask the court to dismiss such a patently frivolous claim? I mean, it just doesn't seem like a real problem or an expensive problem. If it's frivolous, it takes very little to get it dismissed. If it's not frivolous, then there could be subject language that would require the city to defend the officer. And I think there are two responses to that. The first one is, I think, the shortest one, which is just that the course and scope of employment in that claim, remember, under these federal civil rights claims, that would never be an element of the claim against the officer. That would only be an element of a claim in that case if they brought a vicarious liability claim against the city. So the city would be a party in that case anyway and would defend that issue. But the more important point, and getting back to the language in Judge Sykes' initial question, Robinette concedes that the language in the sort of opening paragraph of the statute does not obligate the city or its taxpayers to pay for a judgment merely because there's an allegation of course and scope. And I think that has to be the answer or else taxpayers would be exposed to all sorts of liability in cases where someone's clearly outside the scope. And simply because an erroneous or incorrect allegation was made in the complaint, taxpayers would be left footing the bill regardless of what the litigation showed. Having made that concession, I think, is their textual problem because the defense obligation then comes and says, much like the indemnity obligation, the governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit. So it's that same language. They want to read that opening paragraph in the case of indemnification to mean one thing and read the exact same language to mean something else. I'm very clear with you. I think there's a very odd side effect of the city's reading of the statute in that an employee would be safer defaulting rather than defending. The city would then be on the hook for the judgment. The employee would have spent nothing defending the claim. And I don't, I had a terrible time understanding that, the city's response, you know, which was that a default would not necessarily mean that the issue of scope of employment had been resolved. I would think that the default judgment would preclude further litigation on that very issue. So I'm not even sure of what the brief was getting at. I mean, how could a police officer take an action under color of state law without also acting within the scope of his employment? I mean, if you can come up with an example, I'd be grateful. We cite to a case that this court decided under the Indiana indemnification statute, making the point that a state's test for scope of employment and under color of law are not the same test. And so that, it's not just that that issue wouldn't necessarily be adjudicated. It would never be adjudicated in a default against an employee because that's not an element of the claim. And the Indiana test for estoppel is that the issue be necessarily decided in prior litigation. The only instance in which course and scope of employment would be in the claim would be if there was a vicarious liability claim against the city. And that happened here. And the city prevailed on that claim. So the city, in this case, litigated course and scope of employment. So had, for instance, in this case, Mr. Robinette taking a default judgment on the Section 1983 claim, the city would have still been in the case. It would have still litigated course and scope of employment on the vicarious liability claim played against the city. That issue would never be left for resolution in a default judgment. You know, I don't even understand why you're taking the city takes the position it takes. Who would want to be an Indianapolis police officer if the city's going to abandon you when you are falsely accused of taking an improper action as an officer? It's not like the officers are paid so well as is evidenced by the fact that Robinette had a second job at that Olive Garden. I don't know. All right. I only have a few seconds, but if I may respond. Our obligation is to apply the law as we understand it. And it's our obligation to be good stewards of taxpayer money, although this isn't a particularly egregious necessarily case where the officer's behavior is egregious. The issue isn't whether it's egregious. The things that trigger our obligation are whether they were in the course and scope of employment and whether the action was non-criminal. So we would urge that Judge Young's post-judgment order be affirmed. Thank you very much. Let's see how much time. Thank you. Actually, two minutes and 32 seconds. Do you see how they try to shave? Oh, it's terrible. It's right here. Thank you. I just want to address two things. Talk a little bit about the scope of employment. First of all, in this case, yes, it was easy for scope of employment to be determined at the summary judgment stage. But that's not the way it is in all cases. You could easily have a situation where the scope of employment might not be determined until the jury gets the question because there could be conflicting testimony about the act that the police officer committed. And so under the city's view of the statute, they would then be taking the risk by not entering a defense for the police officer that the jury was going to come back and decide that the officer didn't act in the scope of employment. But if the jury decided the other way because they resolved the facts in favor of the scope of employment, the city has not given any kind of defense to the police officer. I don't think the legislature intended political entities to be playing Russian roulette in terms of deciding whether or not they're going to be defending their officers. And then the next thing I wanted to address was you asked a question about is or could be subject to, and the state of Moreland discussed that a little bit. And basically the state of Moreland said that they believed that the state legislature was trying to give as broad of interpretation as possible to encompass employees who were innocent of any kind of 1983 violation but still afford them indemnification or defense. I think that once the statute was changed, it's clear that it shall pay any judgment and shall pay the defense of legal costs. The scope of employment requirement, while broader than the color of state law requirement for substantive Section 1983 liability, is a statutory element of the duty to pay defense costs. It is. And the judge here said that was necessarily decided against you in the summary judgment motion. The judge ruled on both the scope of employment issue and the color of law issue. Well, that's where we disagree in terms of interpretation of the statute. The city wants to tether those together, but we don't believe that you have to have a meritorious judgment to be paid for defense costs. Even granting your interpretation of the statute, scope of employment is the key indicator of the city's liability to pay defense costs. The statute doesn't say that. Yes, is or could be subject to personal civil liability. That's in the portion for the payment of judgments. Right, but there is a requirement that the loss occur within the scope of the public employee's employment. But there's also a last section that says the governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim. The claim was that he acted in the course and scope of his employment. Thank you very much. Thank you, everyone. The case will be taken under advisement.